UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VLADISLAV YANOVSKY and <br> BELLA YANOVSKY, <br>     Plaintiffs, <br><br> In Re: THE PROPERTY: <br> 14 MARIE AVENUE <br> SHARON, MA 02067-2543 <br>     *Quasi In-Rem,* <br><br> v. <br><br> JPMORGAN CHASE and <br> JON S. DAVIS, ESQ. and <br> THE LAW FIRM OF STANTON AND DAVIS, <br>     Defendants. | Civil Action No. 13-11426 |

## NOTICE OF REMOVAL

**To:** **THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, defendant JPMorgan Chase Bank, N.A. ("Chase"), hereby files this Notice of Removal in the above-captioned action and sets forth below the grounds for this Notice of Removal:

    1.    On or about May 13, 2013, plaintiffs Vladislav Yanovsky and Bella Yanovsky (the "Plaintiffs") filed a Complaint (the "Complaint") against Chase, Jon S. Davis, Esq., and Stanton and Davis, P.C., in the Norfolk Superior Court, Massachusetts (Civil Action No. NOCV2013-00707).  It is unclear whether Chase was even served adequately.  However, it has been fewer than thirty days since Chase received copies of the summons and Complaint.

    2.    The Complaint alleges that the defendants wrongfully foreclosed on real property located at 904 Center Street, Newton, Massachusetts (the "Property") without providing them notice pursuant to M.G.L. c. 244 § 13.  The Complaint includes claims for violation of Chapter

93A, violation of M.G.L. c. 244 § 13, and appears to seek a declaratory judgment that the foreclosure sale was ineffective and void.  See generally Complaint.

3.	According to the Complaint, the Plaintiffs reside at 904 Center Street, Newton, Massachusetts.  See Complaint at ¶ b(i), b(ii).  For purposes of diversity jurisdiction under 28 U.S.C. § 1332, the Plaintiffs are citizens of the Commonwealth of Massachusetts.

4.	Chase is a national banking association organized and existing under the laws of the United States.  In accordance with 12 U.S.C. § 1464(x), Chase is deemed to be a citizen only of the state in which it has its "home" office.  Chase's home office, as set forth in its articles of association, is located in the State of Ohio.  For purposes of diversity jurisdiction under 28 U.S.C. § 1332, Chase is therefore, a citizen of the State of Ohio.  See 12 U.S.C. § 1464(x); see also Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 318-19 (2006).

5.	While Jon S. Davis, Esq. and Stanton & Davis (jointly referred to hereinafter as "Stanton & Davis") are alleged to be and are citizens of Massachusetts for purposes of diversity, the removing defendant submits that the doctrine of fraudulent joinder applies such that the citizenship of both Jon S. Davis, Esq. and Stanton & Davis must be disregarded for the purposes of determining diversity.

6.	Courts within the First Circuit have determine that fraudulent joinder can be established by demonstrating "either 1) that there has been outright fraud committed in the plaintiff's pleadings, or 2) that there is no possibility, based on the pleadings, that the plaintiff can state a cause of action against the non-diverse defendant in state court."  Rodrigues v. Genlyte Thomas Group, LLC, 392 F. Supp. 2d 102, 107 (D. Mass. 2005); see also Polyplastics, Inc. v. Transconex, Inc., 713 F.2d 875, 877 (1983).

7.      A review of the Plaintiffs' Complaint demonstrates that "there is no possibility that the Plaintiffs can establish a cause of action against the non-diverse [parties] in state court." Specifically, the claims asserted against Stanton & Davis are based entirely upon its legal representation of Chase during the foreclosure proceedings, and thus, fail as a matter of law. Stanton & Davis was providing legal representation as attorney-agent and its actions are protected by litigation privilege and agency theory.  Under the law of agency, an agent is not contractually liable to a third party for the acts of its disclosed principal, and moreover, is not liable for economic loss to anyone except its principal.  See Restatement (Second) of Agency, § 328 (1958); id. at § 357.  Moreover, because Stanton & Davis was representing Chase, it did not owe any duty to the Plaintiffs who are non-clients and whose interests potentially conflict with Chase – the actual client.  See Lombardo v. Foster, 24 Mass. L. Rptr. 76, 2008 WL 2097020 (Mass. Super. 2008); see also Robertson v. Gaston Snow & Ely Bartlett, 404 Mass. 515, 522 (1989) (attorney owes a duty of care only to clients).

8.      Finally, the Plaintiffs' Chapter 93A claim fails because Massachusetts courts have held that "for an attorney to be liable under G.L. c. 93A, he or she must have been acting in a business context." Tetrault v. Mahoney, Hawkes & Goldings, 425 Mass. 456, 462 (1997). However, Stanton & Davis' conduct in this matter does not constitute "trade or commerce" because there was no business relationship between the Plaintiffs and Stanton & Davis.  See Akar v. Federal Nat. Mortg. Ass'n, 843 F. Supp. 2d 154, 170-71 (D. Mass. 2012) (holding that plaintiffs failed to state a Chapter 93A claim against foreclosure firm because firm not acting in business context).  The only contact between the parties was on opposing sides of a dispute involving the foreclosure of the Plaintiffs' property by Stanton & Davis' client, Chase.  See id. at

171.   Accordingly, the Plaintiffs' Chapter 93A claim against Stanton & Davis fails as a matter of law.

9.   Because the Plaintiffs have failed to state a claim against Jon S. Davis, Esq. or Stanton & Davis these defendants' citizenship should disregarded under the doctrine of fraudulent joinder and that as such, complete diversity exists between Chase and the Plaintiffs.

10.   In any event, Stanton & Davis and Jon S. Davis have filed an unopposed motion to dismiss, which is pending with the Norfolk Superior Court.  Counsel for Stanton & Davis and Jon S. Davis spoke to the Plaintiffs who confirmed that they would not oppose the motion to dismiss.  Therefore, the fraudulently joined parties must be dismissed and the remaining parties are diverse.

10.   Although, ordinarily all defendants must join in a removal petition in order to effect removal, parties fraudulently joined need not join.  See Coughlin v. Nationwide Mut. Ins. Co., 776 F.Supp. 626, 629 n.4 (D. Mass. 1991).  Nevertheless, Stanton & Davis and Jon S. Davis do not oppose the removal petition.

11.   The Plaintiffs request that the Court declare the foreclosure sale ineffective and void.  Complaint at Count III.  The Mortgage Loan at issue had an original principal balance of $337,500.00.  The property was sold at a public auction to a third-party buyer for $319,000.00.  Therefore, the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00).  See Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.").

12.   The United States District Court for the District of Massachusetts has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the dispute is between

citizens of different states and the amount in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000.00).

13. Copies of all pleadings received by Chase are being filed with this Notice of Removal, and are attached hereto as Exhibit A.

14. Chase will provide written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d), including filing a certified copy of this Notice of Removal with the clerk of the Superior Court of Norfolk County, Massachusetts.

JPMORGAN CHASE BANK, N.A.,
By its attorneys,


 /s/  Jamie L. Kessler
Donn A. Randall, BBO # 631590
Jamie L. Kessler, BBO # 681867
Bulkley, Richardson and Gelinas, LLP
125 High Street
Oliver Street Tower, 16th Floor
Boston, MA  02110
Tel: (617) 368-2500
Fax: (617) 368-2525
Email: jkessler@bulkley.com
           drandall@bulkley.com

Dated: June 13, 2013

**CERTIFICATE OF SERVICE**

I, Jamie L. Kessler, hereby certify that a true and correct copy of the foregoing document was served upon the parties via this Court's CM/ECF system or, if not registered on this Court's CM/ECF system, then via first class mail, postage prepaid, on June 13, 2013.

 /s/  Jamie L. Kessler
Jamie L. Kessler

(#1527297)

5