UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-11426-RGS

VLADISLAV YANOVSKY and BELLA YANOVSKY

In Re: THE PROPERTY:
14 MARIE AVENUE
SHARON, MA 02067-2543
*Quasi In-Rem*

v.

JPMORGAN CHASE and JON S. DAVIS, ESQ.
and THE LAW FIRM OF STANTON AND DAVIS

MEMORANDUM AND ORDER

ON DEFENDANT JPMORGAN CHASE'S

MOTION FOR SUMMARY JUDGMENT

July 2, 2014

STEARNS, D.J.

JPMorgan Chase Bank, N.A., moves for summary judgment against pro se plaintiffs Vladislav Yanovsky and Bella Yanovsky. Plaintiffs[1] filed this Complaint in the Norfolk Superior Court seeking an order retroactively voiding the foreclosure sale of property located at 14 Marie Avenue, Sharon, Massachusetts (The Property), that plaintiffs allege was "done without any

---

[1] The court will refer to the plaintiffs as "plaintiffs," or "Bella and Vladislav," rather than as "the Yanovskys," to avoid confusion with non-parties Yelena Yanovsky and Samuil Yanovsky, who were co-owners of the property with Bella Yanovsky and Vladislav Yanovsky.

notice to the Plaintiffs as required by [Mass. Gen. Laws] Chapter 244 § 13." Compl. ¶ 2. Chase removed the case to this court on diversity grounds, and now contends that the multiple notices mailed to the plaintiffs, at the address listed on the deed conveying to them an interest in The Property, full complied with the notice requirements of Massachusetts law.

BACKGROUND

***The Property Interests***

The Property was conveyed to non-parties Samuil Yanovsky and Yelena Yanovsky on July 24, 2001. The same day, Yelena and Samuil granted a mortgage on The Property to North American Mortgage Company as collateral for a loan in the amount of $337,500. Chase subsequently acquired the mortgage on September 25, 2008.

On August 14, 2007, Yelena and Samuil executed a quitclaim deed, conveying The Property to themselves as tenants by the entirety and, as joint tenants, to plaintiffs, Bella and Vladislav as tenants by the entirety. The quitclaim deed conveying The Property to Bella and Vladislav lists their address as 14 Marie Avenue, Sharon, Norfolk County, Massachusetts. Dkt. #1-1 at 13. Bella and Vladislav currently live at 904 Center Street in Newton, Massachusetts.

### *The Foreclosure Proceedings and Correspondence*

Chase filed the affidavits of Jamie L. Kessler and of Michael E. Brust, Esq., in support of its motion for summary judgment. *See* Dkt. #18 & #19. Attached to the Brust affidavit are return receipts for four letters dated April 10, 2012, addressed individually to Vladislav Yanovsky, Bella Yanovsky, Samuil Yanovsky, and Yelena Yanovsky. Dkt. #19-1. The certified return receipts indicate that these letters were mailed to 14 Marie Avenue in Sharon, Massachusetts. *See id.* at 1, 3, 5, & 7. The April 10 correspondence states that the law firm of Stanton & Davis had been retained by Chase "to commence a foreclosure of the mortgage held by it on the above-mentioned property on account of your failure to make the required payments." *Id.*

On April 11, 2012, Stanton & Davis filed a complaint on behalf of Chase under the Servicemembers Civil Relief Act (SCRA). *See* Dkt. #19-2. On May 22, 2012, the Land Court issued an "Order of Notice for service, for recording and for publication in the Sharon Advocate." *Id.* The Order of Notice was directed to "Samuil Yanovsky and Yelena Yanovsky and Vladislav Yanovsky and Bella Yanovsky." Dkt. #19-3. Deputy Sheriff Timothy J. Wyse certified that on June 7, 2012, at 6:47 PM, he served a

copy of the Order of Notice "by leaving at the last and usual place of abode of Vladislav Yanovsky, 4 Marie Avenue Sharon MA 02067" and certified that, at 6:48 PM the same day, he served a copy of the Order of Notice "by leaving at the last and usual place of abode of Bella Yanovsky, 14 Marie Avenue Sharon MA 02067." Dkt. #19-4. As evidenced by certified return receipts attached to the Brust affidavit, Stanton & Davis sent copies of the Order of Notice issued by the Land Court to Bella, Vladislav, Yelena, and Samuil Yanovsky, addressed separately to each individual, to the 14 Marie Avenue, Sharon, Massachusetts address. Dkt. #19-5.

On March 29, April 5, and April 12, 2013, a "Legal Notice [of] Mortgagee's Sale of Real Estate" identifying The Property was published in the Sharon Advocate. *See* Dkt. #19-6; *see also* Compl. ¶ 4. The notice stated that The Property would be sold at public auction on Tuesday, April 30, 2013. Certified return receipts dated April 16, 2013, confirm that Chase sent a copy of the notice that appeared in the Sharon Advocate to Bella Yanovsky and to Vladislav Yanovsky at 14 Marie Avenue, in Sharon.[2] Dkt. #19-7. On April 30, 2013, the Property was sold at a public foreclosure

---

[2] Brust states in his affidavit that the Notices of Foreclosure Sale that were sent by certified mail, return receipt requested, were returned to Stanton & Davis on May 1, 2013, marked "unable to forward." Brust asserts that "'[u]nable to forward' means the parties did not leave forwarding addresses." Brust Aff. ¶ 11.

auction to Richard Gordon of "Go-Go Realty" for the sum of $319,000. Dkt. #19-8.

On May 13, 2013, plaintiffs filed this Complaint pursuant to the Massachusetts Consumer Protection Statute, Mass. Gen. Laws ch. 93A. Plaintiffs allege that no notices addressed to either Vladislav or Bella Yanovsky were received at the address of The Property, and that no notices were forwarded to them at their current address, and that the sale is therefore invalid.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "To succeed, the moving party must show that there is an absence of evidence to support the nonmoving party's position." *Rogers v. Fair*, 902 F.2d 140, 143 (1st Cir. 1990). If this is accomplished, the burden then "shifts to the nonmoving party to establish the existence of an issue of fact that could affect the outcome of the litigation and from which a reasonable jury could find for the [nonmoving party]." *Id.* The nonmoving party "must adduce specific, provable facts demonstrating that there is a triable issue," *id.* (internal quotation marks omitted), as a moving party is not required "to effectively

'prove a negative' in order to avoid trial on a specious claim." *Carmona v. Toledo*, 215 F.3d 124, 133 (1st Cir. 2000).

## DISCUSSION

### *Notice Requirements in Massachusetts*

Mass. Gen. Laws ch. 244, § 14, governs notice of foreclosure proceedings, and provides:

> no sale . . . shall be effectual to foreclose a mortgage, unless, previous to such sale, notice of the sale has been published once in each of 3 successive weeks, the first publication of which shall be not less than 21 days before the day of sale, in a newspaper published in the city or town where the land lies or in a newspaper with general circulation in the city or town where the land lies and notice of the sale has been sent by registered mail to the owner or owners of record of the equity of redemption as of 30 days prior to the date of sale.

*Id.* § 14.

The notice must be sent to "the address set forth in section 61 of chapter 185," *id.*, which refers to deeds "or other voluntary instruments presented for registration." Mass. Gen. Laws ch. 185, § 61. Section 61 states that "[n]otices and processes issued in relation to registered land may be served upon any person in interest by mailing them to the address so given, and shall be binding, whether he resides within or without the commonwealth." *Id.*

Section 14 further provides that if the land is unregistered, notice must be sent to "the last address of the owner or owners of the equity of redemption appearing on the records of the holder of the mortgage, if any, or if none, to the address of the owner or owners *as given on the deed* . . . by which the owner or owners acquired title." Mass. Gen. Laws ch. 244, § 14 (emphasis added).[3]

It is undisputed that Chase sent notice of the foreclosure sale, by registered mail, to Bella and Vladislav at their address "as given on the deed." That is all that section 14 requires. Plaintiffs' conclusory claim that they never received the letters raises no genuine issue of material fact, nor could it, as the matter is one of law. *See Hull v. Attleboro Sav. Bank,* 25 Mass. App. Ct. 960, 963 (1988) (noting that an "averment of nonreceipt would have been irrelevant to the issue [of] whether [a] bank had satisfied its obligation in accordance with the statue" because the relevant question of fact regarding section 4 is whether the bank *sent* the notices); *see also Carmel Credit Union v. Bondeson*, 55 Mass. App. Ct. 557, 561 (2002)

---

[3] Plaintiffs' citation to Mass. Gen. Laws ch. 244, § 13, adds nothing as that section simply requires that all interested parties be summoned to appear. Plaintiffs have no standing to assert the rights of any (unidentified) third parties who were not sent notice of the sale.

("[W]hen a mortgagee has adhered to the statutory prescriptions for notice, it ought not to be fettered by assertions of nonreceipt.").[4]

ORDER

For the foregoing reasons, defendant Chase's motion for summary judgment is <u>ALLOWED</u>. The Clerk will enter judgment accordingly and close the case.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE

---

[4] In a final attempt to salvage a hopeless cause, plaintiffs maintain, without identifying any related facts, that "defendants have failed to establish that there is no cognizable fact for the Trier of Fact to determine. . . . [and failed to show] that in a light most favorable to the Plaintiffs that there is no cause or controversy within the prevue (sic) of this court." Dkt. #23 at 3. The court, however, has no independent obligation to ferret out facts that might defeat a motion for summary judgment. *See Diaz-Fonseca v. Puerto Rico*, 451 F.3d 13, 42 (1st Cir. 2006) ("[I]t is plaintiffs' responsibility to direct the court's attention to [evidence in the record supporting their allegations]."); *Richards v. Combined Ins. Co. of Am.*, 55 F.3d 247, 251 (7th Cir. 1995) ("It is not our task, or that of the district court, to scour the record in search of a genuine issue of triable fact. We rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment.").